UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:12 CV 69 JM |
| | ) |
| STATE OF INDIANA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION and ORDER

This matter is before the court on a motion to dismiss the complaint, joined by all of the "State Defendants[1]" pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), premised, as is relevant to each particular defendant, on the bases of Eleventh Amendment immunity; sovereign immunity; absolute judicial immunity; qualified immunity; and arguments that the complaint otherwise fails to state a claim. Plaintiff Anthony C. Martin ("Martin"), who is *pro se*, has responded, and the State Defendants have filed a reply.

Defendants' arguments pursuant to RULE 12(b)(1) all concern immunity, and are facial challenges to the court's subject-matter jurisdiction based on the allegations of the complaint. Therefore, as to both the RULE 12(b)(1) and RULE 12(b)(6) arguments defendants make, the court applies the same standard, accepting the facts alleged by Martin in his complaint as true and drawing all reasonable inferences therefrom in his

---

[1] A collective term used for convenient reference. The defendants comprised by it will be specified later herein.

favor. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009); *Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003). In addition, because Martin is *pro se*, his complaint is held to less stringent standards than one filed by an attorney, and its allegations are liberally construed. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court notes, however, that Martin is a prolific serial litigator who has filed twenty-nine actions in this court, and who has been put on notice that he may be restricted from filing new federal cases. (1:12 CV 146, Order entered May 30, 2012, DE # 3.)

Martin's complaint is somewhat difficult to follow, but his allegations, summarized here at face value, arise from an event when City of Fort Wayne police officers arrived at his residence in mid-December, 2010, responding to what appeared to be a domestic violence incident. The situation was not as it appeared, Martin says. Martin and his girlfriend, Amanda Delegrange, had been arguing. He was trying to use the phone and when she tried to grab it from him she somehow "bust her lip and it started to bleed." Martin left the residence for about 10 minutes. When he came back, numerous police officers were in the residence "without consent, permission, nor [sic] warrant."[2] Martin was "slammed" to the ground, "roughly" handcuffed, and arrested.

---

[2] Martin's allegations do not include any explanation of what caused the police to arrive at his residence during his ten-minute absence, nor how he knows that they were in the residence without consent, since he was not there when they arrived.

A few days later Martin and Delegrange were paid a visit by defendant Gonzalez, a caseworker from "Family and Children services."[3] Gonzalez told Martin and Delegrange that an investigation was being conducted, and they signed a "safety plan." About a week later Gonzalez came again and told Martin and Delegrange that "further charges . . . [would be] added." On January 13, 2011, Delegrange met with Gonzalez and another caseworker. According to Martin, they acted unprofessionally, informed Delegrange of Martin's criminal history, and threatened that Martin's step-daughter and son would be removed from the home if Delegrange continued her relationship with Martin. Delegrange was "forced" to move back in with her mother.

A CHINS (Children in Need of Services) case was brought in the Allen Superior Court, Family Division, but eventually dismissed. During those court proceedings, the presiding judges showed "rudeness and bias" towards Martin as a "deliberate action to inflict pain or emotional distress." Martin alleges that Child Services and the court discriminated against him because of his criminal history and intended to inflict pain and emotional distress upon him, his girlfriend and their children.

Based upon the above factual allegations, Martin then lists nine "Counts" followed by four federal "claims" and three state "claims." The counts appear to be further facts—or Martin's assertions based on the facts—so the court will summarize

---

[3] This is a reference to the defendant Martin names as "Allen Co. Division of Child Services" which the court refers to herein simply as "Child Services." Whatever the exact title of Gonzalez' office might be, the Allen County Division of Family Resources is a division of the Indiana Family and Social Service Administration.

them. Defendant Allen Superior Court acting through defendant Judges Pratt and Boyer, defamed Martin and rendered an erroneous judgment[4] because of bias and malice against him. Defendant City of Fort Wayne and its defendant Police Department, acting through defendant Officer Addison and other unknown police officers, used excessive force, entered Martin's home without a warrant, threatened him, defamed him, harassed him and retaliated against him. Defendant State of Indiana, acting through defendant Allen Co. Division of Child Services and defendants Gonzalez, Hill, Kingseed, Gribel, Simon, Gerber and Mejia, are responsible for threatening Martin, defaming him, harassing him, retaliating against him, and "vindictive behaviors and malicious prosecutions."

What Martin lists as his claims are the legal theories he is invoking: a claim is the set of facts that entitles a plaintiff to relief under some legal theory. *Florek v. Village of Mundelein*, Ill., 649 F.3d 594, 599 (7th Cir. 2011). The claims/legal theories Martin enumerates, each of which is pleaded against "defendants" and so against them all, are: 1) violation of the Fourth Amendment by entry and search of his residence without consent or a warrant;[5] 2) violation of the Fourth and Fourteenth Amendment by "failure

---

[4] This is inconsistent with Martin's earlier allegation that he "doesn't challenge" the ruling in the case because it "mysteriously got dismissed." That would seem to be a favorable judgment to Martin, but throughout his complaint he also calls it an erroneous judgment.

[5] Although Martin pleads this claim against "defendants," his factual allegations make it plain it applies to the Fort Wayne-police related defendants only. The court does not consider it pleaded against the State Defendants.

to intervene" when unprofessional wrongdoing was occurring; 3) violation of Martin's First Amendment right to privacy and to freely raise a child in the pursuit of happiness; 4) punitive damages; 5) harassment, racial and vindictive behavior; 6) retaliation and malicious prosecution; and 7) defamation, infliction of mental stress and anguish, and relocation of Martin's girlfriend. Martin designates 1-4 as federal claims and 5-7 as state claims.[6]

The named State Defendants, who have filed the joint motion to dismiss, are the State of Indiana; the Allen Superior Court; the Allen County Department of Child Services; Catherine Christoff; Terry Hill; Kelli Simon; Diana Mejia; Mitchell Gerber; Amanda Gonzalez; Stephen Griebel; Lauren Kingseed; Charles Pratt; and Thomas Boyer. It should be pointed out immediately that while Martin makes factual allegations against defendants Pratt and Boyer (that they are the Allen County judges who rendered a biased judgment against him) and defendant Gonzalez (she was the Child Services caseworker who investigated), what any of the remaining individuals did is not pleaded except in the most conclusory terms. In his response to the motion to dismiss, however, Martin makes additional allegations (which will be explained further below) against all of them except Christoff.

---

[6] Each of the state claims is pleaded to have occurred "on or about" December 15, 2010, the day Martin was arrested. Although this would seem to limit them to the Fort Wayne-police related defendants, their nature makes this improbable. The court sees this as inarticulate pleading and does not limit the claims to those defendants only.

In their reply the State Defendants argue that Martin cannot amend his complaint in this manner, and the new allegations should be struck. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984.) The allegations are not inconsistent with Martin's complaint, however, and especially because he is pro se, the court will consider them. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) (facts needed to defeat motion to dismiss may be added by brief if consistent with allegations of complaint.)

The analysis that follows does not track the State Defendants' arguments in the order they are made, but addresses their substance in the manner the court finds convenient.

*Defendants State of Indiana, Allen Superior Court and Allen County Department of Child Services*

The Allen Superior Court and the Allen County Department of Child Services are agencies of the State of Indiana. *See Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (general legal status and financial dependence or autonomy determinative of state agency). Thus, these three defendants are one and the same, that is, they are the State of Indiana. The Attorney General, on the State's behalf, argues that the Eleventh Amendment bars a citizen suit for damages against a state in federal court; and this applies equally to all official capacity claims the complaint may plead against the individual State Defendants (the complaint does not specify whether it is being

brought against them in their official, or individual, capacities) because such official capacity claims would also be against the State.

The assertion that the Eleventh Amendment bars such suits for damages in federal court is correct. The problem is, Martin brought this suit in state court, and the defendants removed it. When the State of Indiana consented to that removal, it waived its Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002). The Eleventh Amendment therefore provides no basis for dismissal.

Nevertheless, states, and state officials acting in their official capacities, are not "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989). Thus, Martin's federal claims against the State of Indiana (inclusive of Allen Superior Court and Allen Co. Division of Child Services) and the individual State Defendants, in their official capacities, must be dismissed. This does not explain any reason for dismissing the claims against the State of Indiana that Martin designates as state-law claims, however. Therefore, unless the State Defendants establish that all state-law claims pleaded against the individual defendants should also be dismissed, the State of Indiana would remain as a non-dismissed party. As explained below, however, the claims against the individual defendants will be dismissed.

*Defendants Charles Pratt and Thomas Boyer*

The only facts Martin alleges against defendants Pratt and Boyer are that they took actions against him while acting in their judicial capacities as judges of the Allen

Superior Court. Martin has failed to make any response to their argument that they were, therefore, cloaked with absolute judicial immunity. Because they were acting in their judicial capacities, they have absolute judicial immunity against Martin's federal and state claims. *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978); *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005); *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998). As a result, this action will be dismissed against defendants Pratt and Boyer.

*Remaining Defendants*

The remaining defendants argue that they are entitled to dismissal because the complaint fails to state a claim and/or because they have immunity for the claims Martin brings.

*a. Failure to state a claim*

A motion made under RULE 12(b)(6) tests the sufficiency of the complaint.

> To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56, 127 S. Ct. 1955; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ( "[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

*Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634-35 (7th Cir. 2012). The State Defendants' first argument is that the complaint is devoid of any factual allegations

8

whatsoever against any of the remaining individual defendants[7] except for Gonzalez, and so must be dismissed for that reason as to all of them. Obviously, a complaint which makes no factual allegations against a defendant does not give that defendant fair notice what the claim is; neither does it suggest any plausible basis for granting relief.

However, State Defendants' secondary premise in support of their argument, made in their reply brief, is that the additional allegations Martin makes in his response to the motion to dismiss don't count. As stated above, this is not true. *Geinosky*, 675 F.3d at 745 n. 1; *Help At Home*, 260 F.3d at 752-53. The State Defendants must, therefore, establish a basis for dismissal that shows why, when the additional allegations are considered, the complaint still fails to state a claim. With one exception, that is: neither the complaint nor Martin's response makes any mention of what defendant Catherine Christoff might have done. As to her, therefore, the motion will be granted because the complaint pleads no plausible claim.

The next question is whether the allegations Martin has added in his response to the motion to dismiss are sufficient, under the plausibility standard framed by *Iqbal* and *Twombly*, to state a claim.

As to defendant Diana Mejia, the only allegation made in response to the motion to dismiss is that she was a case manager overseeing the case and showed bias towards

---

[7] The complaint does mention them (except Christoff) in its body, but it pleads only in conclusory terms that they are "responsible for" threats, intimidation, malicious actions, etc.

Martin. Martin does not state what the basis of that bias was. The complaint is simply too vague to state a claim against her. In addition, the comments that follow would apply equally to her.

As to the remaining individual State Defendants, in addition to the allegations made in the complaint against Gonzalez (essentially that she began and participated in the CHINS investigation, and told Delegrange of Martin's criminal record and threatened the children would be removed if she did not end her relationship with him), Martin alleges that Gonzalez, Hill, Simon, Gerber, Griebel and Kingseed "[j]oked and made racial comments about taking plaintiff [sic] kids away from him and place them in a 'white' foster home where they belong, [and] joked about plaintiff being crazy." Other than Gonzalez (and Hill, who Martin states is a case manager who was overseeing the case), Martin does not plead exactly what role any of these defendants played in the investigation and related proceedings. Giving him the benefit of every reasonable inference, the court will assume each of them acted in some manner for Child Services.

Accepting, as the court must, that it is true that these defendants made racial comments about taking Martin's kids from him, such conduct cannot be criticized too harshly. Despite such despicable conduct, the court fails to see how Martin has pleaded harm resulting from that conduct which gives rise to a remedy and so would make out a plausible claim. Martin states that because of the conduct his parental rights have

been terminated, (DE # 17 at 4); but it is not clear that he means judicially terminated because he also pleads that the CHINS case "mysteriously got dismissed." (DE # 1 at 2.)

It appears that by "terminated" he may mean that the defendants persuaded his girlfriend, Delegrange, to take the children and move in with Delegrange's mother. Martin does not identify a legal theory that provides a remedy for that, and the court is not aware of one. Even if it can be understood that Martin is pleading there was a judicial termination, his remedy for that is by appeal in state court. The *Rooker-Feldman* doctrine prevents him from waging a collateral attack on the judgment by way of federal constitutional claims for damages. *See Bach v. Milwaukee County*, 490 Fed. Appx. 806 (7th Cir. 2012).

All of the above must be viewed through the lens of judicial experience, common sense, and the court's experience with Martin's prior cases as prolific *pro se* litigant. *Walton v. Walker* 364 Fed. Appx. 256, 258 (7th Cir. 2010.) In short, Martin's allegations do not state a plausible federal claim for relief against any of the individual State Defendants, and so their motion pursuant to RULE 12(b)(6) will be granted as to the federal claims.[8] This leaves only the state-law claims against the individual State Defendants, to the extent the complaint can be understood to plead any.

As the State Defendants argue, the complaint is extremely vague in this regard. The most that can be gleaned from it is that Martin is pleading some type of tort claims,

---

[8] The State Defendants also argue that they have qualified immunity against the federal claims. Martin has not responded to the argument, and it is an alternative reason for dismissal.

because he uses words like harassment, retaliation, malicious prosecution, defamation and mental anguish. (DE # 1 at 4.) The individual State Defendants argue that such state tort claims fail to state a claim for a number of reasons. Martin has made no argument in opposition. Therefore, instead of belaboring the issue, the court will mention only one. All of the actions Martin complains of pertain to the individual State Defendants acting in connection with their official job duties. As a result, they are immunized against personal liability by Ind. Code § 31-25-2-2.5, and the state-law claims against them will be dismissed for failure to state a claim.

For the foregoing reasons, the motion to dismiss (DE # 14) filed by defendants State of Indiana; Allen Superior Court; Allen Co. Department of Child Services; Catherine Christoff; Terry Hill; Kelli Simon; Diana Mejia; Mitchell Gerber; Amanda Gonzalez; Stephen Griebel; Lauren Kingseed; Charles Pratt; and Thomas Boyer is **GRANTED**.

**SO ORDERED.**

Date: March 29, 2013

    s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT