# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-00069 |
| | ) | |
| CITY OF FORT WAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to Comply With Discovery; or Alternatively, Motion to Compel Deposition (Docket # 44) filed on August 22, 2014, by Defendants City of Fort Wayne, the Fort Wayne Police Department, and Officer Gregory Addison (collectively, "Defendants"). Defendants ask that the Court dismiss this case under Federal Rule of Civil Procedure 37(b) as a sanction for *pro se* Plaintiff Anthony Martin's failure to appear for his noticed deposition, or alternatively, compel Martin to appear at and participate in his own deposition. (Docket # 44.) Martin, who is incarcerated, filed a response opposing Defendants' motion on September 23, 2014 (Docket # 50); Defendants have not filed a reply, and the time to do so has now passed.

### A. *Factual and Procedural Background*

Martin filed this 42 U.S.C. § 1983 case against Defendants on January 24, 2012, alleging various federal and state law claims arising from a December 15, 2010, encounter.[1] (Docket # 1.)

---

[1] Martin also sued a host of other state, county, and individual defendants as a result of the December 15, 2010, encounter, but those defendants were dismissed on March 29, 2013; only the three Defendants remain in the case. (Docket # 21.)

Specifically, Martin claims that Defendants arrived at his residence in response to what appeared to be a domestic dispute, entered his home without consent or a warrant, and then used excessive force against him. (Docket # 1.)

On April 29, 2014, this Court set a deadline of May 30, 2014, for any amendments to the pleadings, and a deadline of August 29, 2014, for the completion of all discovery. (Docket # 31.) Not long thereafter, the Court set a deadline of September 29, 2014, for the filing of any dispositive motions. (Docket # 36.)

On May 7, 2014, Defendants filed a motion for leave to take Martin's deposition on June 18, 2014 (Docket # 34); this Court granted the motion (Docket #37). Defendants mailed the notice of deposition to Martin at the Allen County Jail that same day. (Docket # 39.)

On June 26, 2014, Defendants filed a second motion for leave to take Martin's deposition, explaining that although Martin appeared for the June 18th deposition, he indicated he did not want to answer any questions until he had an attorney to represent him; accordingly, Defendants agreed to reschedule the deposition for August. (Docket # 41.) The Court granted Defendants' second motion to take Martin's deposition, which was set for August 1, 2014. (Docket 42.) On June 30, 2014, Defendants mailed the notice of deposition to Martin at the Allen County Jail. (Docket # 43.)

On August 22, 2014, Defendants filed the instant motion, reciting that their counsel attempted to depose Martin at the Allen County Jail on August 1, 2014, but a confinement officer indicated that when Martin was called to come down for his attorney visit, he "refused to come down." (Docket # 44, Ex. I.) Martin filed a response on September 23, 2014, disputing Defendants' version of the events. (Docket # 50.)

2

## B. Applicable Legal Standard

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A). "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id.* (citations omitted). "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993); *accord Martin v. Fort Wayne Police Dep't*, No. 1:04-cv-450, 2005 WL 3118020, at *3 (N.D. Ind. Nov. 21, 2005).

In that regard, "a finding of willfulness, bad faith, or fault . . . comes into play when dismissals are used specifically as a discovery sanction under [Rule] 37." *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *accord In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). The Seventh Circuit Court of Appeals has cautioned that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003); *see also Maynard*, 332 F.3d at 467 (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'" and that the court must be "vigilant" in its review of such actions).

### *C. Analysis*

Defendants request that this case be dismissed as a sanction under Rule 37(b) for Martin's failure to submit to his deposition. They emphasize that Martin received notice of the deposition set on two different dates and that his failure to submit warrants dismissal of his case. Alternatively, Defendants ask that the Court compel Martin to comply with their deposition request. (Docket # 44.)

Martin disputes Defendants' request for sanctions. First, he explains that he did not answer the questions at the June 18th deposition because he did not have a lawyer and feared the deposition might lead to criminal prosecution. Second, he denies ever telling an Allen County Jail officer on August 1, 2014, that he would not come down for his deposition. Martin argues that Allen County Jail personnel routinely retaliate against him for filing multiple lawsuits, and thus, that the confinement officer fabricated Martin's refusal. (Docket # 50.)

Considering Martin's version of the events, the draconian sanction of dismissal is simply not proportionate to the objectionable conduct in this instance–the failure to submit to the August 1, 2014, deposition at the Allen County Jail. That is, on this record, there is insufficient evidence of "willfulness, bad faith, or fault" that would warrant dismissal as a sanction. *Maynard*, 332 F.3d at 467-68; *see GCIU Emp'r Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a *clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailable." (emphasis in original; citation and internal quotation marks omitted)). Perhaps Defendants now recognize this as well, as they opted not to reply to Martin's proffered explanation.

4

Indeed, although he declined to answer questions because he did not have counsel, Martin *did* at least appear for the June 18th deposition. And Defendants do not suggest that they have been unduly prejudiced by Martin's failure to appear at the August 1st deposition. *See Robinson v. Petyo*, No. 2:06-cv-433, 2010 WL 148300, at *6 (N.D. Ind. Jan. 13, 2010) ("[A] court may consider prejudice to the [defendants] caused by the [plaintiff's] conduct."). Therefore, Defendants' request for dismissal of this suit as a sanction under Rule 37(b) will be DENIED.

Defendants' alternative request–to compel Martin to submit to his own deposition–however, will be GRANTED. The Court will, on its own motion, reopen discovery solely for the purpose of allowing Defendants to depose Martin either telephonically or in person at his place of incarceration.

Martin should consider himself duly warned that any discovery transgressions, such as a failure to appear for or participate in a deposition[2]–whether proceeding *pro se* or represented by counsel–may result in sanctions against him, <u>up to and including dismissal of this action</u>. *Woods v. Chicago Transit Auth.*, No. 04 C 04124, 2006 WL 2460618, at *4 (N.D. Ill. Aug. 18, 2006) (articulating that because of the extremely harsh nature of the sanction of dismissal, some courts have considered it improper to dismiss a case under Rule 37(b) "unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal" (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997))).

---

[2] "[A] plaintiff's refusal to participate in his deposition is, in essence, a failure to appear."*McClenton v. Walker*, No. 06-2033, 2008 WL 345533, at *2 (C.D. Ill. Feb. 6, 2008). "Plaintiffs do not have the right to refuse to answer questions on the ground that they are 'in want of counsel.'" *Sparrgrove v. Wachter*, No. 04-c-0021-c, 2004 WL 1196888, at *1 (W.D. Wis. May 18, 2004) ("Not only do the parties have an obligation to attend a deposition if they are given notice of the deposition, they have the obligation to answer the questions put to them.").

*D. Conclusion*

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Comply With Discovery; or Alternatively, Motion to Compel Deposition (Docket # 44) is GRANTED to the extent that Plaintiff is to appear at and participate in his own deposition. The Court, on its own motion, reopens discovery solely for the purpose of allowing Defendants to depose Plaintiff on or before December 2, 2014. Plaintiff should consider himself duly warned that any discovery transgressions, such as a failure to appear for or participate in a deposition–whether proceeding *pro se* or represented by counsel–may result in sanctions against him, <u>up to and including dismissal of this action</u>.

SO ORDERED.

Enter for this 14th day of October, 2014.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
