UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-cv-69 |
| | ) | |
| CITY OF FORT WAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff Anthony C. Martin, asking that the Court recruit counsel to represent him in this 42 U.S.C. § 1983 case. (Docket # 51.) Because this case is not difficult, and because Martin is competent to litigate it himself, the motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court, *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the

case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

To begin, although Martin states that he has "tried to 'secure' counsel on his own," he does not provide any information about how many attorneys he contacted and why they did not take his case. (Docket # 51.) Thus, it is unclear whether his attempt to secure counsel was sufficient to satisfy the threshold requirement of a request for recruitment of counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he did satisfy this threshold requirement, it is evident that Martin is competent to represent himself in this matter. This is a relatively straightforward § 1983 case:

Martin's claims arise from an encounter on December 15, 2010, when Fort Wayne police officers arrived at his residence in response to what appeared to be a domestic violence incident; Martin alleges that the officers entered his residence without consent or a warrant and then used excessive force against him. (Docket # 21 at 2-3.)

As a result of this encounter, Martin advances claims against the City of Fort Wayne, the Fort Wayne Police Department, and Officer Gregory Addison for unreasonable entry, use of excessive force, and "failure to intervene" in violation of the Fourth Amendment, together with several claims under state law.[1] Martin has first-hand knowledge about what occurred (aided perhaps by another witness, Amanda Delegrange, his girlfriend at the time), likely resulting in only limited discovery on his part. As a result, the first factor–the difficulty of his claims–cuts against Martin's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, Martin has already articulated his claims in this suit (Docket # 1); responded to a motion to dismiss (Docket # 17) and a notice concerning want of prosecution (Docket # 24); responded to discovery requests (Docket # 38, 40); filed proposed case deadlines (Docket # 32); and sought relief through various motions, including a motion to consolidate (Docket # 19), a request for the appointment of counsel (Docket # 51), and requests for certain case-related information (Docket # 22, 25, 32). Consequently, it is clear that Martin is

---

[1] The events of December 15, 2010, also triggered visits from "Child Services" that resulted in a Children in Need of Services (CHINS) case being brought in Allen Superior Court. (Docket # 21 at 3.) Martin advanced federal and state law claims against various state, county, and individual defendants arising from those events. (Docket # 21 at 3-4.) All of those defendants, however, were dismissed from this suit on March 29, 2013 (Docket # 21 at 12); therefore, only the three Defendants remain in the case.

literate and has adequate communication skills, at least for purposes of representing himself.

And it must be remembered that, as the District Judge stated in his March 29, 2013, Order, Martin "is a prolific serial litigator who has filed [at least] twenty-nine actions in this court . . . ." (Docket # 21 at 2).) At present, he is actively litigating two other § 1983 cases. *See Martin v. Cline*, No. 1:11-cv-403 (N.D. Ind. filed Feb. 22, 2011); *Martin v. Wentz*, No. 1:13-cv-244 (N.D. Ind. filed Aug. 21, 2013). He has even pursued one case to conclusion at the Seventh Circuit Court of Appeals. (*See* Docket # 40 in *Martin v. Astrue,* No. 1:08-cv-00046 (N.D. Ind. Jan. 26, 2009)). In each of those cases he has participated in hearings, diligently pursued discovery, and engaged in motion practice. The Court has observed through Martin's many court appearances that he has reasonably good communication skills, at least at a sufficient level to proceed *pro se.*

Overall then, the second factor of the two-fold inquiry–the plaintiff's competence to litigate the claims himself–also fails to support Martin's request for counsel. Consequently, since Martin appears quite competent to adequately handle this litigation, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For these reasons, Martin's motion requesting the appointment of counsel (Docket # 51) is DENIED. He is, of course, free to attempt to secure counsel on his own.

Enter for this 14th day of October, 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4