UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12-cv-00069-SLC ) |
| STATE OF INDIANA, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Previously in this matter, on August 17, 2015, the Court granted summary judgment on all of Plaintiff Anthony Martin's claims to Defendants Officer Addison, the City of Fort Wayne, and the Fort Wayne Police Department (collectively, "Defendants"), who were the only defendants remaining in the case. (DE 83). Presently before the Court is Martin's "*Rule 59* Plaintiff Motion to Reconsider Recorrect and or Alter Judgment," which Martin filed on September 18, 2015. (DE 85).

In his motion, Martin argues that the Court erred in granting summary judgment to Defendants because the Court did not properly determine whether there is a genuine factual issue for trial. (DE 85 at 1). Defendants timely filed their response in opposition to Martin's motion, arguing that Martin's motion should be denied whether it is considered under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. (DE 86 at 1). Defendants argue that, if Martin's motion is considered under Rule 59, it should be denied because Martin did not file it by Rule 59's deadline of 28 days after the entry of summary judgment. (DE 86 at 2). Defendants correctly state that when a motion to reconsider is not filed within the 28-day period required by Rule 59, it becomes a Rule 60(b) motion automatically. (DE 86 at 2). Defendants then argue that Martin's motion should be denied when considered under Rule 60(b), because Defendants

contend that Martin made no effort in his motion to set forth any Rule 60(b) grounds for reversal of judgment, as he did not show any extraordinary circumstances which create substantial danger that the judgment was unjust. (DE 86 at 3). Martin failed to file a reply within the time permitted by the Local Rules. N.D. Ind. L.R. 7-1(d)(2)(B). Martin did file a reply brief well after his deadline to do so. (DE 87).

The Court looks to the substance, not the label, of a *pro se* filing to determine its character. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). Martin's motion appears to be, in substance, a motion for reconsideration. Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *See United States v. Roth*, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. Apr. 19, 2010); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (discussing the differences between Rule 59(e) and Rule 60(b)). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citing *Kunik v. Racine Cty., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997)). However, when a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Id.* at 743 (quoting *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)). Here, Martin filed his motion on September 18, 2015, more than 28 days after the Court's entry of summary judgment for Defendants on August 17, 2015; thus, the Court must consider Martin's motion under Rule 60(b).

As the Seventh Circuit has explained, "Rule 60(b) permits the court to relieve a party

2

from an order on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, 'or any other reason that justifies relief.'" *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)). The Seventh Circuit has made it clear that it "is very well established that Rule 60(b) relief is 'an extraordinary remedy and is granted only in exceptional circumstances,'" and further "described a court's decision not to reinstate a case under Rule 60(b) as 'discretion piled on discretion.'" *Id.* (internal citations omitted).

Martin's one-page motion does not provide any extraordinary circumstances to show that there is "substantial danger" the Court's judgment was "fundamentally unjust." *Id.* (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994)). Instead, Martin recites the standard for summary judgment and merely states that the Court did not follow this standard, without any further argument or explanation in support. In his reply brief, Martin recites general law pertaining to Section 1983 actions and contests "that there was clearly a manifested error of law, which the Courts [sic] abused its discretion when it dismissed several defendants from plaintiffs [sic] complaint." (DE 87 at 4). Martin's reply brief does not provide any such extraordinary circumstances. Martin has thus failed to provide grounds for relief under Rule 60(b).

Accordingly, Martin's motion for reconsideration (DE 85) is DENIED.

SO ORDERED.

Entered this 21st day of October 2015.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge